UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**, | ) |
| Plaintiff, | ) Case No. 2:22-cv-10237 |
| v. | ) |
| **HPT TRS IHG-2, INC.,** a Maryland corporation for profit, | ) Judge: |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant, HPT TRS IHG-2, INC., a Maryland corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

      United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Mark Fultz ("Plaintiff" or "Mr. Fultz"), is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. HPT TRS IHG-2, INC.'s place of public accommodation, a hotel commonly known as Sonesta Simply Suites Detroit Southfield, is located at 1 Corporate Dr, Southfield, MI 48076 in Oakland County. Plaintiff has patronized Defendant's facility and the businesses located therein as a place(s) of public accommodation.

6. Upon information and belief, the hotel owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a hotel, which constitutes a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body.  He uses a motorized scooter for mobility and can occasionally walk short distances with the use of a cane.

8. Raised in Michigan, Mr. Fultz has relatives including his son, daughter, grandchildren, and cousins in suburban Detroit.  His son lives and works in Ann Arbor while his daughter resides between Ann Arbor and Detroit.  Plaintiff frequents many establishments in the Oakland County region and has been a customer at the property that forms the basis of this lawsuit on multiple occasions.

9. Mr. Fultz patronized the Defendant's hotel on October 10-11, 2021. While at Defendant's place of public accommodation, Mr. Fultz encountered architectural barriers at the subject property that violate the ADA and its regulations.  These barriers to access have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

        Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the hotel owned by Defendant has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations include, but are not limited to:

Parking and Accessible Routes

    A. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    B. Designated accessible parking surfaces have excess slope, in violation of the ADA whose remedy is readily achievable.

    C. Designated parking access aisles do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

    D. Designated accessible parking spaces have not been maintained, as evidence by fading paint, in violation of the ADA whose remedy is readily achievable.

    E. There are cracks and changes in level along the accessible route from the designated accessible parking to the hotel entrance, in violation of the ADA whose remedy is readily achievable.

    F. The door to access the business center has a non-compliant and narrow width, in violation of the ADA whose remedy is readily achievable.

Lobby Restroom

    G. The mirror is located above the allowable height from the reflective surface to the finish floor, in violation of the ADA whose remedy is readily achievable.

Guestrooms

    H. Upon information and belief the Sonesta Simply Suites Detroit Southfield has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 121 guestrooms, there must be a minimum of 5 mobility accessible guestrooms without a roll-in shower and a minimum of 2 of mobility accessible guestrooms with a roll-in shower, totaling 7 designated mobility accessible guestrooms.

    I. Upon information and belief, as well as of review of published photos by hotel management, Mark Fultz believes the other guest rooms fitted with mobility accessible features, like guest room number 108, also contain numerous barriers to

handicap access and fail to comply with applicable implementing regulations of the ADA.

Guestroom #108 – Mobility Accessible One Bedroom Suite Queen with Roll-in Shower

J. The guestroom lacks required signage designating it as mobility accessible and containing the international symbol of accessibility and tactile braille, in violation of the ADA whose remedy is readily achievable.

K. The amount of pressure to open the guestroom door exceeds 5lbs, in violation of the ADA whose remedy is readily achievable.

L. The guestroom closet opening does not meet the required width for guests who use wheelchairs to access, in violation of the ADA whose remedy is readily achievable.

M. There is insufficient maneuvering clearance around the furniture in the guestroom, in violation of the ADA whose remedy is readily achievable.

N. The toilet side grab bar does not extend 54 inches minimum from the rear wall, in violation of the ADA whose remedy is readily achievable.

O. The standard roll-in shower does not have a 60 inch wide clear opening, in violation of the ADA whose remedy is readily achievable.

P. The guestroom lavatory blocks the required clear floor space to access the roll-in shower and its fixed seat, whereas a sink is not permitted on the side of the clearance adjacent to the shower seat, in violation of the ADA whose remedy is readily achievable.

Q. The guestroom shower sprayer is not located on the back wall of the shower, in violation of the ADA whose remedy is readily achievable.

R. The guestroom bathroom shower spray unit is located above allowable reach range and does not have a non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

S. Grab bars mounted inside the shower are non-compliant, including the bar behind the shower seat which are not permitted to be installed above permanent seats, in violation of the ADA whose remedy is readily achievable.

T. In a standard roll-in shower where a seat is provided, such as in room number 108, the controls, faucets, and shower spray unit shall be installed on the back wall adjacent to the seat wall and shall be located 27 inches maximum from the seat wall, whereas the shower spray is not located on the back wall and the controls exceed 27

inches from the seat wall, in violation of the ADA whose remedy is readily achievable.

U. The kitchen does not comply with the requirements of section 804 of the 2010 Standards including having a kitchen work surface no greater than 34 inches maximum above the finish floor or ground, the freezer having at least 50 percent of the freezer space 54 inchesmaximum above the finish floor or ground, and at least 50 percent of shelf space and storage is not located in the required reach range, in violation of the ADA whose remedy is readily achievable.

Access to Goods & Services

V. The business center desk and printer are inaccessible to customers who use wheelchairs due to being located behind a doorway that does not meet the width requirements, in violation of the ADA whose remedy is readily achievable.

W. The business center amenities themselves, printer, desk and a computer, are non-compliant heights above the finish floor or otherwise non-compliant, in violation of the ADA whose remedy is readily achievable.

X. The Sonesta hotel's registration service counter/window exceeds applicable height regulations and offers no accessible writing surface, in violation of the ADA whose remedy is readily achievable.

Y. The hotel store had door pressure of 21lb to open, greatly in excess of the permissible 5lbs of door pressure and amenities and iutes for purchase were located outside accessible reach ranges, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures and other Services

Z. The Defendant lacks or has inadequate defined policies and procedures for the benefit and assistance of disabled patrons and guests, including a policy for maintaining its accessible features.

AA. The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mark Fultz.

BB. The Sonesta website, https://www.sonesta.com, does not identify or describe accessible features in sufficient detail to reasonably permit individuals with disabilities to assess independently whether the hotel or guestroom meets his or her accessibility needs, in violation of 28 CFR § 36.302(E)(1)(ii).

15. The discriminatory violations described in Paragraph 14 by Defendant are not an exclusive list of the ADA violations at the place of public accommodation owned and operated by Defendant. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The facility at issue, as owned by HPT TRS IHG-2, INC. is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will

      continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L. § 37.1301 *et seq*.**

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. Defendant HPT TRS IHG-2, INC.'s hotel is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and applicable damages,

attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
Monroe, MI (734) 240-0848
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812) *
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
Phone: (419) 654-1622
Email:  valeriefatica@gmail.com
*Admitted to practice in the Eastern District of Michigan